**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

No. 05-367 L
into which have been consolidated Nos. 05-484 L, 05-537 L, 05-1082 L, 05-1083 L, 05-1173 L, and 05-1175 L

GERALD E. ROTH, et. al.,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

Defendant.

Honorable Emily C. Hewitt

**JOINT PRELIMINARY STATUS REPORT**

Plaintiffs, Gerald E. Roth, et. al., and Defendant, United States of America, by and through their respective counsel, hereby submit this Joint Preliminary Status Report pursuant to the Rules of the United States Court of Federal Claims, Appendix A.

**A. JURISDICTION**

The parties agree that the Tucker Act, 28 U.S.C. § 1491, confers jurisdiction on this Court to adjudicate a claim of a Fifth Amendment taking. Defendant believes that this Court does not have jurisdiction because Plaintiffs' claims are barred by the applicable statute of limitations, 28 U.S.C. § 2501.

**B. CONSOLIDATION**

This case is a consolidated action, and plaintiff does not anticipate filing any new cases that should be consolidated with this action.

**C. BIFURCATION**

Plaintiffs believe a clear taking has occurred and does not believe bifurcation would be judicially efficient.

Defendant believes that this case should be bifurcated for reasons of judicial and litigant efficiency. In the liability phase, the Court can adjudicate whether there has been a taking of any of the various “property rights” alleged by plaintiffs. Here, given the significant threshold defenses, the United States believes it would be appropriate in this case to proceed with the liability determination before the parties must go to the expense of an appraisal. It will be far more efficient to prepare and litigate the valuation phase of the case once it has been clearly established what rights, if any, have been taken.

**C. DEFERRAL OF PROCEEDINGS**

The parties do not believe that this case should be deferred, and the parties are not aware of any case pending before this Court which would necessitate the deferral of this action.

**D. REMAND OR SUSPENSION**

The parties are not seeking a remand or suspension.

**E. ADDITIONAL PARTIES**

The parties do not anticipate joining additional parties.

**F. MOTIONS**

Defendant intends to file motions under Rule 12(b), 12(c), and 56. Defendant’s Rule 12 Motion to Dismiss based on the statute of limitations can be filed on or before Thursday, March 9, 2006.

## G. RELEVANT FACTUAL AND LEGAL ISSUES

**Plaintiffs' Statement**

Plaintiffs believe the issues in this litigation are as follows:

(1) The nature and extent of each of the Plaintiffs' ownership interests in the subject mining claims.

(2) Whether the acts and actions of the Defendant constitute a taking of those claims.

(3) The just compensation due each of the Plaintiffs for the taking of his or her claims.

(4) Whether the Defendant is estopped to assert a statute of limitations defense by the acts and representations of its representatives in their dealings with Plaintiffs.

(5) Whether the Defendant has waived any right to assert any statute of limitations defense by the acts and representations of its representatives.

**Defendant's Statement**

Defendant believes the issues in this litigation are as follows:

(1) Whether plaintiffs' claims are barred by the applicable statute of limitations?

(2) Whether plaintiffs' Complaint fails to state a claim upon which relief can be granted?

(3) Whether plaintiffs possess a compensable interest in the property allegedly taken?

(4) Whether defendant's actions amount to a taking of an interest in plaintiffs' property without compensation, in violation of the Fifth Amendment of the United States Constitution?

(5) If defendant's actions amount to an unconstitutional taking, what amount of just compensation are plaintiffs due?

**I. SETTLEMENT**

Defendant believes that in-depth discussions regarding settlement and/or alternative dispute resolution are premature at this point in time. Defendant believes that settlement discussions are unlikely to be successful at least until Defendant's Rule 12 Motion to Dismiss is decided.

**J. TRIAL**

Defendant believes that this case is appropriate for resolution by dispositive motion, and therefore, does not believe trial will be necessary.

**K. ELECTRONIC CASE MANAGEMENT NEEDS**

There are no special issues regarding electronic case management needs.

**L. OTHER**

Other than matters relating to discovery, addressed immediately below, there are no matters the parties believe they need to bring to the Court's attention at this point in time.

**M. DISCOVERY PLAN**

Plaintiffs believe a discovery plan should be adopted immediately.

Defendant believes that a proposed discovery plan is premature at this time. Defendant requests initial disclosures be held in abeyance until defendant files its motion to dismiss and the Court rules on defendant's motion.

This status report was jointly prepared by counsel for Plaintiffs and counsel for Defendant. Plaintiffs' counsel of record has authorized the undersigned counsel for the Defendant to sign and file this report on behalf of both parties.

Dated: February 13, 2006.

Respectfully submitted,

s/ Glade L. Hall by s/ Kelle S. Acock

Glade L. Hall
105 Mt. Rose St.
Reno, Nevada 89509

Attorney of Record for Plaintiffs

s/ Kelle S. Acock

Kelle S. Acock
Natural Resources Section
Environment & Natural Resources Division
Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Tel: 202-305-0428
Fax: 202-305-0506
Email: kelle.acock@usdoj.gov

Attorney of Record for Defendant