**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

No. 05-367 L
into which have been consolidated Nos. 05-484 L, 05-537 L, 05-1082 L, 05-1083 L, 05-1173 L, and 05-1175 L

| | | |
|---|---|---|
| GERALD E. ROTH, et. al., | ) | |
| Plaintiffs, | ) | Honorable Emily C. Hewitt |
| v. | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO RCFC 12(b)(1) and RCFC 12(b)(6) AND MEMORANDUM IN SUPPORT THEREOF**

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment & Natural Resources Division

KELLE S. ACOCK
Natural Resources Section
Environment & Natural Resources Division
Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Tel: 202-305-0428
Fax: 202-305-0267
Email: kelle.acock@usdoj.gov

Of Counsel:

J. Page Turney
Douglas Edgecomb
Navy Litigation Office
Washington Navy Yard, DC 20374

Dated: April 4, 2006

## TABLE OF CONTENTS


DEFENDANT'S MOTION TO DISMISS PURSUANT TO RCFC 12(b)(1) and RCFC 12(b)(6) . . . . . 1

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS . . . . . 3

I. FACTUAL BACKGROUND . . . . . 3

A. Closure of Public Lands . . . . . 3

B. Relevant Ownership and Conveyance History . . . . . 5

II. STANDARDS OF REVIEW . . . . . 7

A. Rule 12(b)(1) . . . . . 7

B. Rule 12(b)(6) . . . . . 10

III. ARGUMENT . . . . . 10

A. Plaintiffs Claims Are Barred by the Applicable Six-Year Statute of Limitations . . . . . 10

B. Plaintiffs Comvets, Paulsen, and Ross Cannot Prove Ownership of a Compensable Property Interest . . . . . 14

C. Plaintiff Ross Has Not Been Denied Access to the Patented Land at Issue . . . . . 16

IV. CONCLUSION . . . . . 18

## TABLE OF AUTHORITIES

### CASES

Air Pegasus of D.C., Inc. v. United States,
424 F.3d 1206 (Fed. Cir. 2005) . . . . . 14

Alanzo v. Chase Manhattan Bank, N.A.,
25 F. Supp. 2d 455 (S.D.N.Y. 1998) . . . . . 8

Alder Terrace, Inc. v. United States,
161 F.3d 1372 (Fed. Cir. 1998) . . . . . 7

Alliance of Descendants of Texas Land Grants v. United States,
37 F.3d 1478 (Fed. Cir. 1994) . . . . . 11

Ariadne Financial Services Pty. Ltd. v. United States,
133 F.3d 874 (Fed. Cir. 1998), cert. denied, 525 U.S. 823 (1998) . . . . . 11

Art Center School v. United States,
136 Ct. Cl. 218, 142 F. Supp. 916 (1956) . . . . . 12

Bagwell v. United States,
21 Cl. Ct. 722 (1990) . . . . . 10

Bond v. United States,
47 Fed. Cl. 641 (2000) . . . . . 7

Borough of Alpine v. United States,
923 F.2d 170 (Fed. Cir. 1991) . . . . . 11

Bowen v. United States,
292 F.3d 1383, 1385-86 (Fed. Cir. 2002) . . . . . 11

Briscoe v. LaHue,
663 F.2d 713 (7th Cir. 1981), aff'd, 460 U.S. 325 (1983) . . . . . 7

Cavin v. United States,
956 F.2d 1131 (Fed. Cir. 1992) . . . . . 15

Cedars-Sinai Med. Ctr. v. Watkins,
11 F.3d 1573 (Fed. Cir. 1993) . . . . . 8

Chandler v. United States,
47 Fed. Cl. 106 (2000) . . . . . 11

Danforth v. United States,
308 U.S. 271 (1939) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Fallini v. United States,
56 F.3d 1378 (Fed. Cir. 1995), cert. denied, 517 U.S. 1243 (1996) . . . . . . . . . . . . . . . . 12

Fanning, Phillips, Molnar v. West,
160 F.3d 717 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Ferreiro v. United States,
350 F.3d 1318 (Fed. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Figuera v. United States,
57 Fed. Cl. 488 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Formula One Motors, Ltd. v. United States,
777 F.2d 822 (2d Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Hair v. United States,
52 Fed. Cl. 279 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Holden v. United States,
38 Fed.Cl. 732 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 12, 13, 17

Holland v. United States,
59 Fed. Cl. 735 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Hopland Band of Pomo Indians v. United States,
855 F.2d 1573 (Fed. Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Huntleigh USA Corp. v. United States,
63 Fed. Cl. 440 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Kelly v. Kelly,
901 F. Supp. 1567 (M.D. Fla. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Kemp v. United States,
65 Fed.Cl. 818 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 14

LaMear v. United States,
9 Cl. Ct. 562, aff'd, 809 F.2d 789 (Fed. Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Lenox Hill Hospital v. Shalala,
131 F. Supp. 2d 136 (D.C. 2000), accord, Vink v. Hendrilus Johannes Schijf, Rolkan N.V., 839 F.2d 676 (Fed. Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Lombardo v. State Farm Mut. Auto. Ins. Co.,
800 F. Supp. 208 (E.D. Pa. 1992) . . . . . . . . . . 9

McNutt v. General Motors Acceptance Corp.
298 U.S. 178 (1936) . . . . . . . . . . 7

Mitchell v. United States,
41 Fed. Cl. 617 (1998) . . . . . . . . . . 11

N.Y. Life Ins. Co. v. United States,
190 F.3d 1372 (Fed. Cir. 1999) . . . . . . . . . . 10

Owen Equip. & Erection Co. v. Kroger,
437 U.S. 365 (1978) . . . . . . . . . . 11

Payne v. United States,
31 Fed. Cl. 709 (1994) . . . . . . . . . . 13

Pixton v. B & B Plastics, Inc.,
291 F.3d 1324 (Fed. Cir. 1998) . . . . . . . . . . 8

Reynolds v. Army & Air Force Exchange Serv.,
846 F.2d 746 (Fed. Cir. 1988) . . . . . . . . . . 8

Sheuer v. Rhodes,
416 U.S. 232 (1974) . . . . . . . . . . 8

Shiny Rock Mining Corp. v. United States,
906 F.2d 1362 (9th Cir. 1990) . . . . . . . . . . 12

Simmons v. United States,
53 Fed. Cl. 131 (2002), aff'd, No. 02-5163, 2003 WL 23415938
(Fed. Cir. Jan. 10, 2003) (unpublished per curiam) . . . . . . . . . . 11

Sommers Oil Co. v. United States,
241 F.3d 1375 (Fed. Cir. 2001) . . . . . . . . . . 10

Steel Improvement & Forge Co. v. United States,
174 Ct. Cl. 24, 355 F.2d 627 (1966), aff'd, 350 F.3d 1253 (Fed. Cir. 2003) . . . . . . . . . 12

Thoen v. United States,
765 F.2d 1110 (Fed. Cir. 1985) . . . . . . . . . . 9

Toxgon Corp., v. BNFL, Inc.,
312 F.3d 1379 (Fed. Cir. 2002) . . . . . . . . . . 9

Truckee-Carson Irrigation Dist. v. United States,
14 Cl. Ct. 361 (1988) . . . . . . . . . . 8

United States v. Dow,
357 U.S. 17 (1958) . . . . . . . . . . 14

United States v. General Motors,
323 U.S. 373 (1945) . . . . . . . . . . 15

Wyatt v. United States,
271 F.3d 1090 (Fed. Cir. 2001) . . . . . . . . . . 15

## STATUTES

28 U.S.C. § 2501 . . . . . . . . . . 1, 10

The Military Lands Withdrawal Act" ("MLWA")
Pub. L. No. 106-65, §§ 3011, 113 Stat. 512 (October 5, 1999) . . . . . . . . . . 2, 5
Pub. L. No. 106-65 § 3011(a)(1) - (a)(2) . . . . . . . . . . 5
Pub. L. No. 106-65 § 3011(a)(1)(C) . . . . . . . . . . 5

## REGULATIONS

54 Fed. Reg. 51326 (Dec. 14, 1989) . . . . . . . . . . 1, 3, 12, 17
56 Fed. Reg. 4074 (Feb. 1, 1991) . . . . . . . . . . 1, 3, 12, 17
65 Fed. Reg. 59867 (Oct. 6, 2000) . . . . . . . . . . 5
43 C.F.R. § 3809 (1996) . . . . . . . . . . 17

## RULES

RCFC 12(b)(1) . . . . . . . . . . passim
RCFC 12(b)(6) . . . . . . . . . . passim
RCFC 12(c) . . . . . . . . . . 9
RCFC 56 . . . . . . . . . . 9

## OTHER AUTHORITIES

Charles A. Wright and Arthur R. Miller,
Federal Practice and Procedure, § 1367, 515 (1990) . . . . . . . . . . 9

# INDEX OF EXHIBITS

| Exhibit | Exhibit Description |
|---|---|
| A. | Color Maps Showing Locations of Various Mining Claims Within the Vicinity of B-17 Bombing Range Naval Air Station ("NAS") Fallon |
| B. | Plats Showing Locations of Various Mining Claims Located in Township 16 North, Range 34 East of the Mount Diablo Meridian, Nevada |
| C. | 54 Fed. Reg. 51326 |
| D. | 56 Fed. Reg. 4074 |
| E. | Order for Supplies or Services |
| F. | Letter dated 29 December 1989 from Secretary of the Navy, H. Lawrence Garrett, to Senator Harry Reid |
| G. | Declaration of Larry Jones |
| H. | Declaration of Elizabeth F. Pittard |
| I. | Documents Regarding Patented Lands Formerly Encompassed by the Mining Claims Known as "Detroit & Tiger," Survey # 2745, Patent # 47231 (Plaintiff Comvets) |
| J. | Documents Regarding Patented Lands Formerly Encompassed by the Mining Claim Known as "Lone Tree," Survey # 2731, Patent # 46489 (Plaintiff Paulsen) |
| K. | Documents Regarding Patented Lands Formerly Encompassed by the Mining Claim Known as "Argel #2," Survey # 4184, Patent # 522327 (Plaintiff Ross) |
| L. | Tax Summary and Individual Grant Deed Regarding the Patented Mining Claim Known as Florence No. 4, Survey # 2664, Patent # 47230 |
| M. | Tax records, Quitclaim Deed to Ralph and Adelaide Clements, Death Certificate of Ralph Clements, and Quitclaim Deed from Adelaide Clements to Alan S. and Janet C. Ross |
| N. | 65 Fed. Reg. 59867 |
| O. | Certificate of Fictitious Name |

**DEFENDANT'S MOTION TO DISMISS**
**PURSUANT TO RCFC 12(b)(1) and RCFC 12(b)(6)**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), Defendant, United States of America, hereby moves to dismiss each complaint in this consolidated action for lack of jurisdiction because plaintiffs' claims are barred by the applicable six-year statute of limitations, 28 U.S.C. § 2501. The claims of Plaintiffs Gerald E. Roth, Thomas E. Hoey, Jimmy Hicks, and Edward Sexton, doing business as Comvets Mining ("Comvets"), Relf L. Hudleston, Catherine Paulsen, George D. Duffy, and Renwick P. Russel are barred by the applicable six-year statute of limitations because the claims accrued in 1989, more than fifteen years before plaintiffs filed their complaints, when public lands surrounding the patented lands at issue were closed and plaintiffs were denied any meaningful access to the patented lands. Denial of access to the patented lands forms the sole basis for the alleged taking. Compls. ¶¶ 7-8. Notice of that denial was published in the Federal Register in 1989 and 1991. 54 Fed. Reg. 51326 (December 14, 1989); 56 Fed. Reg. 4074 (February 1, 1991). As this denial and notice to plaintiffs occurred more than six years prior to the filing of the first complaint in this consolidated action on March 14, 2005, these six complaints must be dismissed in their entirety for lack of jurisdiction.

Plaintiff Janet C. Ross's claim is also barred by the applicable six-year statute of limitations. Unlike plaintiffs' claims discussed above, the public lands surrounding the patented land over which Ross asserts ownership were not closed. However, assuming the allegation in her complaint is correct and Ross was denied access to the patented land over which she asserts ownership by passage of the National Defense Authorization Act for Fiscal Year 2000, also referred to as "The Military Lands Withdrawal Act," ("MLWA"), Pub. L. No. 106-65, §§ 3011 -

3018, 113 Stat. 512 (October 5, 1999), her claim, as well as the claims of Paulsen, Duffy and Russel, are barred by the applicable six year statute of limitations because the complaints were filed on October 12, 2005[1], November 3, 2004, and November 4, 2005, respectively, more than six years after enactment of the MLWA on October 5, 1999.

If plaintiffs satisfy their jurisdictional burden, defendant moves, in the alternative, pursuant to RCFC 12(b)(6), to dismiss the claims of Plaintiffs Comvets, Paulsen, and Ross for failure to state a claim upon which relief can be granted. These plaintiffs cannot establish that they were the undisputed owners of the patented lands over which they assert ownership on the date any meaningful access to the lands was denied. As such, these plaintiffs cannot satisfy their burden to prove they owned a compensable property interest on the date of the alleged taking. Accordingly, the complaints of Comvets, Paulsen, and Ross must be dismissed.

Finally, Ross's claim is also appropriate for dismissal pursuant to RCFC 12(b)(6) because she has not been denied access to the patented land over which she asserts ownership. The public lands surrounding the patented land over which Ross asserts ownership were not closed in 1989 or withdrawn pursuant to the MLWA. Therefore, defendant has not engaged in any act which could have resulted in a taking, and Ross's claim must be dismissed. For the foregoing reasons, the complaint of Janet C. Ross must be dismissed in its entirety pursuant to RCFC 12(b)(1) and RCFC 12(b)(6).

A memorandum in support of this motion follows.

---

[1] The complaints of Paulsen and Ross were each filed on October 12, 2005.

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

## I. FACTUAL BACKGROUND

### A. Closure of Public Lands

Plaintiffs assert ownership over patented lands located in Township 16 North, Range 34 East, sections 16,17, 20, and 21 of the Fairview Mining District, Churchill County, Nevada. Compls. ¶¶ 2, 5; Answer ¶¶ 2, 5; Ex. A., p. US0001-2; Ex. B. Plaintiff Ross asserts ownership over patented land located in the eastern half of section 16, Township 16 North, Range 34 East. Ross Compl. ¶¶ 2, 5; Ex. B., p. US00005. At the request of the United States Navy ("Navy"), the United States Department of the Interior, Bureau of Land Management ("BLM"), closed the public lands surrounding all of the patented lands at issue, except the patented land over which Ross asserts ownership, in 1989. Notice of the closure was published in the Federal Register on December 14, 1989, and February 1, 1991. 54 Fed. Reg. 51326, attached as Ex. C; 56 Fed. Reg. 4074, attached as Ex. D; see Holden v. United States, 38 Fed.Cl. 732, 734 fn. 1 (1997) (discussing the 1991 closure and notice). The published notices provided that public lands adjacent to the Bravo-16, Bravo 17, and Bravo-19 bombing ranges of Naval Air Station (NAS) Fallon were "closed to the public until further notice" to ensure public safety because of the possible presence of live ordnance from adjacent ranges. 54 Fed. Reg. 51326, Ex. C, p. US00008; 56 Fed. Reg. 4074, Ex. D, p. US00011 (stating lands adjacent to the three bombing ranges were "closed to all public access to ensure public safety, until further notice"). Each published notice provided a detailed description of the lands affected by the closure. The descriptions provided in the December 1989 and February 1991 notices specifically included public lands surrounding all of the patented lands at issue, except the patented land over which

Ross asserts ownership. 54 Fed. Reg. 51326, Ex. C., p. US00009-10 (closing all public lands in sections 17 and 20, and the western portion of the western half of sections 16 and 21, Township 16 North, Range 34 East); 56 Fed. Reg. 4074, Ex. D., p. US00014 (restating the closure of all public lands in sections 17 and 20, and the western half of sections 16 and 21, Township 16 North, Range 34 East). Public lands located in the eastern half of section 16, Township 16 North, Range 34 East were not closed. 54 Fed. Reg. 51326, Ex. C., p. US00009-10; 56 Fed Reg. 4074, Ex. D., p. US00014.

According to a letter dated December 29, 1989, from the Secretary of the Navy to Senator Harry Reid, warning signs were erected regarding the closure. Ex. F., p. US00025 ("BLM has temporarily closed the affected lands and has erected appropriate warning signs."). On October 16, 1991, Navy completed posting signs indicating the public lands adjacent to the B-16, B-17, and B-19 bombing ranges were closed for public safety. Ex. E., p. US00016. Attached to this motion and memorandum as Exhibit G is the Declaration of Larry Jones, the Supervisory Natural Resource Specialist of the Natural Resources and Real Estate Division at NAS Fallon in 1991. Ex. G., ¶ 1. In his declaration, Jones confirms the Navy contracted for the creation and installation of 800 warning signs regarding the closure of public lands that were posted near bombing range B-17 by October 16, 1991. Ex. G., ¶ 2. The signs stated "AREA CLOSED - The public lands behind this sign are closed for public safety - NO TRESPASSING - For further information call NAS Fallon (702) 426-2405 43 CFR 8364 NRS 207.200." Ex. E., p. US00020-21.

On October 5, 1999, Congress passed the National Defense Authorization Act for Fiscal Year 2000, also referred to as "The Military Lands Withdrawal Act," ("MLWA"), which

replaced the closure orders and notices published in the Federal Register. see Pub. L. No. 106-65, §§ 3011 - 3018, 113 Stat. 512 (October 5, 1999). Section 3011 of the MLWA specifically referred to the NAS Fallon ranges stating that "approximately 204,953 acres of land in Churchill County, Nevada," including land established at the B-16, B-17, and B-19 ranges, were withdrawn from public lands and reserved "for use by the Secretary of the Navy" for testing and training. §§ 3011(a)(1) - (a)(2), §§ 3011(a)(1)(C). The Act, however, did not withdraw the eastern half of section 16 of Township 16 North, Range 34 East. 65 Fed. Reg. 59867 (October 6, 2000), Ex. N, p. US00084-85. The Act provided further that the withdrawal of lands to be used "for military purposes by section 3011" became effective on the date of enactment of the MLWA. § 3015(b).

More than fifteen years after BLM closed the public lands surrounding the patented lands at issue, Plaintiff Gerald E. Roth sued Defendant on March 14, 2005, claiming permanent denial of access to his mining claims "[p]ursuant to the provisions of the Military Lands Withdrawal Act of 1999" constituted a Fifth Amendment taking. Roth Compl. ¶¶ 6, 7. Six additional complaints asserting similar claims were subsequently filed by Plaintiffs Comvets, Hudleston, Paulsen, Ross, Duffy, and Russel on April 20, 2005; May 11, 2005; October 12, 2005[2]; November 3, 2004; and November 4, 2005, respectively. Compls. ¶ 7. The complaints were consolidated on December 30, 2005.

**B. Relevant Ownership and Conveyance History**

The Declaration of Elizabeth Pittard, a Legal Associate with IE Discovery, Inc. ("IE Discovery") is attached to this motion and memorandum as Exhibit H. Ex. H., ¶ 1. IE Discovery provides litigation support to the Navy. Ex. H., ¶ 1. In December 2005, Pittard ordered a search

---

[2]The complaints of Paulsen and Ross were each filed on October 12, 2005.

of title information from the date of patent to the present for the patented lands at issue. Ex. H., ¶ 2. The search was conducted by Steve Shurtliff of Top Flight Solutions and yielded copies of mineral patents and all recorded deeds of transfer of ownership of the patented lands at issue. Ex. H., ¶ 2. Copies of mineral patents and all recorded deeds regarding the lands over which Plaintiffs Comvets, Paulsen, and Ross assert ownership are attached to this motion and memorandum in Exhibits I, J, and K, respectively. One recorded deed regarding Plaintiff Russel's claim ownership is attached to this motion and memorandum in Exhibit L.

The title search revealed Plaintiff Comvets currently owns the patented lands formerly encompassed by the mining claim known as "Detroit & Tiger," Survey #2745, Parcel #000-061-99. Comvets Compl. ¶ 5. The original patent was granted to the Fairview Tiger Gold Mining Company in 1908. Ex. I, p. US00027-30. The county received ownership of the patented lands in 1915 and sold the lands to J.D. and Blanche C. Summers in 1960. Ex. I, p. US00031-34. The county received ownership of the lands a second time in November 1994 and sold the lands on December 20, 1994, five years after the 1989 closure notices were published in the Federal Register, to Comvets. Ex. I, p. US00036-43. A certificate of fictitious name confirmed Thomas E. Hoey, Sr., Jimmy Hicks, and Edward Sexton transact business in Nevada as Comvets Mining. Ex. O.[3]

Plaintiff Paulsen asserts ownership of the patented lands formerly encompassed by the mining claim known as "Lone Tree," Survey No. 2731, Parcel #000-031-99. Paulsen Compl. ¶ 5. The title search revealed the original patent was granted to the Cyclone Mining Company in

[3]Defendant received ownership documents from plaintiffs' counsel regarding Comvets, Paulsen and Ross on March 30, 2006, including the Certificate of Fictitious Name attached as Exhibit O.

1909. Ex. J, p. US00044-49. The county received ownership of the lands in 1937. Ex. J, p. US00050-52. The last recorded ownership transaction indicates the county sold the lands in 1962 to Frank W. Lewis. Ex. J, p. US00053-55.

Finally, Plaintiff Ross asserts ownership of the lands formerly encompassed by the mining claim known as "Argel No. 2," Survey No. 4184, Parcel #000-034-99. Ross Compl. ¶ 5. The title search revealed the original patent was granted to the Fairview Consolidated Mines Company in 1916. Ex. K, p. US00056-60. The next recorded transaction was a transfer from the county to the Marvil Exploration Company in 1956. Ex. K, p. US00061-63. The county subsequently received ownership of the lands in 1961 and transferred ownership to Frank W. Lewis that same year. Ex. K, US00064-68. Mr. Lewis conveyed ownership of the lands to Ralph F. Clements in 1963. Ex. K, p.US00069-70. The last recorded ownership transaction indicates Clements executed a quitclaim deed to himself and Adelaide H. Clements in 1987. Ex. K, p. US00071-73.

## II. STANDARDS OF REVIEW

### A. Rule 12(b)(1)

Plaintiffs bear the burden of establishing subject matter jurisdiction by a preponderance of the evidence. Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). "[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." Bond v. United States, 47 Fed. Cl. 641, 647 (2000) (quoting Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981), aff'd, 460 U.S. 325 (1983)). Subject matter jurisdiction may be challenged at any

time by the parties or by the court *sua sponte*. Fanning, Phillips, Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998).

In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true the complaints' undisputed factual allegations and construe the facts in the light most favorable to the plaintiffs. Figuera v. United States, 57 Fed. Cl. 488, 492 (2003) (citing Sheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Pixton v. B & B Plastics, Inc., 291 F.3d 1324, 1326 (Fed. Cir. 2002). However, if a motion to dismiss challenges the truth of jurisdictional facts alleged in the complaints, the allegations in the complaints are not controlling, and the court may consider relevant evidence in order to resolve the factual dispute. Ferreiro v. United States, 350 F.3d 1318, 1324 (Fed. Cir. 2003) ("A trial court may weigh relevant evidence when it considers a motion to dismiss that challenges the truth of jurisdictional facts alleged in a complaint."); Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1584 (Fed. Cir. 1993); Reynolds v. Army & Air Force Exchange Serv., 846 F.2d 746, 747 (Fed. Cir. 1988). Where, as here, the Court lacks jurisdiction over subject matter of the complaint, the correct remedy is dismissal of the action. "[U]nder [Court of Federal Claims] Rule 12(h)(3), this court is mandated to. . . dismiss the action '[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter. . . ." Truckee-Carson Irrigation Dist. v. United States, 14 Cl. Ct. 361, 368 (1988) (alteration in original).

"Although subject matter jurisdiction is normally challenged under Rule 12(b)(1), it may also be raised on a motion pursuant to Rule 12(c)." Alanzo v. Chase Manhattan Bank, N.A., 25 F. Supp. 2d 455, 457 (S.D.N.Y. 1998) (citing Formula One Motors, Ltd. v. United States, 777 F.2d 822 (2d Cir. 1985)); see Kelly v. Kelly, 901 F. Supp. 1567, 1569 (M.D. Fla. 1995) (treating

Rule 12(c) motion that challenged the court's subject matter jurisdiction as Rule 12(b)(1) motion). In considering a Rule 12(c) motion to dismiss challenging subject matter jurisdiction, the Court should apply the same standard of review as it would under Rule 12(b)(1). Lombardo v. State Farm Mut. Auto. Ins. Co., 800 F. Supp. 208, 211 (E.D. Pa. 1992) (citing 5A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, § 1367, p. 515 (1990)).

RCFC 12(c) provides that when matters outside the pleadings are presented and not excluded by the Court, "the motion shall be treated as one for summary judgment and disposed of as provided in RCFC 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by RCFC 56." RCFC 12(c). That mandate, however, applies to a defense raised under Rule 12(b)(6), not 12(b)(1), because a motion to dismiss for lack of subject matter jurisdiction may rest on matters presented outside the pleadings and cannot be converted into a motion for summary judgment. Toxgon Corp., v. BNFL, Inc., 312 F.3d 1379, 1383 (Fed. Cir. 2002); Lenox Hill Hospital v. Shalala, 131 F. Supp. 2d 136, 140 n.4 (D.C. 2000); accord Vink v. Hendrilus Johannes Schijf, Rolkan N.V., 839 F.2d 676, 677 (Fed. Cir. 1988) ("It has been held that a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may not be used as a basis for awarding summary judgment. The latter is a decision on the merits with res judicata effect."); but see Thoen v. United States, 765 F.2d 1110, 1114 (Fed. Cir. 1985) (finding that motion to dismiss for lack of jurisdiction may only properly be converted into a motion for summary judgment "when the jurisdictional question is inextricably intertwined with the merits of the case.").

**B. Rule 12(b)(6)**

"The Court of Federal Claims may grant a motion to dismiss for failure to state a claim upon which relief may be granted where the plaintiff can prove no set of facts that would support its claim." N.Y. Life Ins. Co. v. United States, 190 F.3d 1372, 1377-78 (Fed. Cir. 1999); see also Kemp v. United States, 65 Fed.Cl. 818, 821 (2005) (citing Bagwell v. United States, 21 Cl. Ct. 722, 725 (1990)). Dismissal is proper under Rule 12(b)(6) when "the facts as alleged in the complaint do not entitle the plaintiff to a legal remedy." Holland v. United States, 59 Fed. Cl. 735, 738 (2004) (citing N.Y. Life Ins. Co., 190 F.3d at 1377). When reviewing a motion to dismiss under Rule 12(b)(6), the court "must accept as true all the factual allegations in the complaint, and [the court] must indulge all reasonable inferences in favor of the non-movant." Sommers Oil Co. v. United States, 241 F.3d 1375, 1378 (Fed. Cir. 2001) (citations omitted); see also Huntleigh USA Corp. v. United States, 63 Fed. Cl. 440, 443 (2005) ("When considering a motion to dismiss a claim under RCFC 12(b)(6), a court must accept as true all well-pled factual allegations and draw all reasonable inferences in plaintiff's favor.") (citations omitted).

**III. ARGUMENT**

**A. Plaintiffs Claims Are Barred by the Applicable Six-Year Statute of Limitations**

The statute of limitations applicable to Plaintiffs' takings claims is set forth in 28 U.S.C. § 2501 and provides: "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. Because this six-year statute of limitations "is a jurisdictional requirement attached by Congress as a condition of the government's waiver of sovereign

immunity . . . [it] must be strictly construed." Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1576-77 (Fed. Cir. 1988); see also Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978) ("[t]he limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded."); Simmons v. United States, 53 Fed. Cl. 131, 133 (2002) ("Because the limitations period is an express condition of the Government's consent to be sued, the court lacks the power to toll the running of the statute of limitations on equitable grounds"), aff'd, No. 02-5163, 2003 WL 23415938 (Fed. Cir. Jan. 10, 2003) (unpublished per curiam). The failure of a plaintiff to file its claims within this six-year statute of limitations precludes it from invoking the jurisdiction of this Court to adjudicate those claims. Ariadne Financial Services Pty. Ltd. v. United States, 133 F.3d 874, 878 (Fed. Cir. 1998) cert. denied, 525 U.S. 823 (1998) (citing Borough of Alpine v. United States, 923 F.2d 170, 171 n.1 (Fed. Cir. 1991)); see also Mitchell v. United States, 41 Fed. Cl. 617, 622 (1998) ("The Court of Federal Claims lacks jurisdiction over any action that is not filed within the applicable statute of limitations").

In this consolidated action, the first of seven complaints was filed on March 14, 2005. Accordingly, Plaintiffs' claims are barred by the applicable six-year statute of limitations unless Plaintiffs can establish, by a preponderance of the evidence, that their claims did not accrue until on or after March 14, 1999.

"A claim against the United States first accrues on the date when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action." Bowen v. United States, 292 F.3d 1383, 1385–86 (Fed. Cir. 2002) (quoting Chandler v. United States, 47 Fed. Cl. 106, 113 (2000)); see also Kemp, 65 Fed.Cl. at 825 (quoting Alliance of

Descendants of Texas Land Grants v. United States, 37 F.3d 1478, 1481-82 (Fed Cir. 1994)). This Court has long recognized that "'a cause of action for an unconstitutional taking accrues at the time the taking occurs.'" Hair v. United States, 52 Fed. Cl. 279, 282 (2002), aff'd 350 F.3d 1253 (Fed. Cir. 2003) (quoting Steel Improvement & Forge Co. v. United States, 174 Ct. Cl. 24, 355 F.2d 627, 631 (1966)). In determining when a claim has accrued, the court applies an objective standard. Fallini v. United States, 56 F.3d 1378, 1380 (Fed. Cir. 1995), cert. denied, 517 U.S. 1243 (1996).

Here, Plaintiffs Roth, Comvets, Hudleston, Paulsen, Duffy, and Russel cannot satisfy their burden to establish subject matter jurisdiction because the alleged taking more than fifteen years prior to the filing of the first complaint in this consolidated action on March 14, 2005. BLM closed all public lands surrounding plaintiffs' asserted property interests in 1989. 54 Fed. Reg. 51326, Ex. C., p. US00009-10; 56 Fed. Reg. 4074, Ex. D., p. US00014. Notice of the closure was published in the Federal Register in 1989, charging plaintiffs with constructive notice of the closure more than fifteen years prior to the filing of the first complaint in this consolidated action. 54 Fed. Reg. 51326; 56 Fed. Reg. 4074; see Holden, 38 Fed.Cl. 732, 734 fn. 1, (discussing the 1991 closure and notice); see also Art Center School v. United States, 136 Ct. Cl. 218, 227, 142 F. Supp. 916, 918-19, 921 (1956) (holding "[p]ublication in Federal Register served as constructive notice and plaintiff's complaint was time-barred because plaintiff did not file within six years from the time it acquired constructive knowledge of its claims); Shiny Rock Mining Corp. v. United States, 906 F.2d 1362, 1364 (9th Cir. 1990) (holding that "publication in the Federal Register is legally sufficient notice to interested or affected persons regardless of actual knowledge . . ."). In addition to the notice published in the Federal Register, signs were

posted in 1989, and signs expressly stating "AREA CLOSED . . . NO TRESPASSING" were posted in 1991, clearly indicating public lands surrounding the patented lands over which plaintiffs' assert an ownership interest were not accessible. Ex. E., p. US00016, US00020-21; Ex., F., p. US00025; see LaMear v. United States, 9 Cl. Ct. 562, 575, aff'd, 809 F.2d 789 (Fed. Cir. 1986) (the statute begins to run when a "'plaintiff discovers, or by reasonable diligence could have discovered the basis of the lawsuit.'" (citation omitted)). Thus, in 1989, more than fifteen years before plaintiffs filed their complaints in this Court, the events which plaintiffs' allege fixed the government's liability had occurred, and plaintiffs were entitled to institute an action.[4] Indeed, two similar cases were filed in the Court of Federal Claims in 1994 and 1996 alleging a taking of unpatented mining claims based on the 1991 notice of the closure of public lands in the same mining district. see Payne v. United States, 31 Fed. Cl. 709, 710 (1994); Holden, 38 Fed. Cl. at 734. Accordingly, the claims of Plaintiffs Roth, Comvets, Hudleston, Paulsen, Duffy, and Russel are barred by the applicable six-year statute of limitations, and the complaints must be dismissed in their entirety.

Even assuming plaintiffs' allegation in the complaints is correct and plaintiffs were denied access to the lands at issue by passage of the MLWA, the claims of four plaintiffs - Ross, Paulsen, Duffy and Russel - would still be barred by the applicable six year statute of limitations. The Act was enacted on October 5, 1999, and expressly provided that the withdrawal of the public lands surrounding the mining claims at issue became effective on the date of enactment of the MLWA. § 3015(b). Thus, the Act became effective on October 5, 1999, more than six years

[4]Defendant disputes that any facts arising in this case resulted in a taking of plaintiffs' property.

prior to the filing of the Paulsen, Ross, Duffy and Russel complaints on October 12, 2005, November 3, 2004, and November 4, 2005, respectively. see Kemp, 65 Fed.Cl. at 822 ("When the taking is effected by legislation, the taking accrues on the enactment of the legislation . . . ."). As such, these four complaints are barred by the applicable six year statute of limitations and must be dismissed.

**B. Plaintiffs Comvets, Paulsen, and Ross Cannot Prove Ownership of a Compensable Property Interest**

If the Court should find plaintiffs satisfied their burden to invoke this Court's jurisdiction within the mandatory six-year statute of limitations, the claims of Plaintiffs Comvets, Paulsen, and Ross must be dismissed for failure to state a claim upon which relief can be granted.[5] These plaintiffs cannot satisfy their burden to prove they owned a compensable property interest in 1989, the date of the alleged taking. Accordingly, the complaints of Comvets, Ross, and Paulsen must be dismissed.

Every plaintiff in a takings case must establish, as a threshold matter, that he owned a compensable property interest on the alleged date of taking. United States v. Dow, 357 U.S. 17, 20 (1958) (". . . it is undisputed that '[since] compensation is due at the time of the taking, the owner at that time, not the owner at an earlier or later date, receives the payment.'" (quoting Danforth v. United States, 308 U.S. 271, 284 (1939))); Air Pegasus of D.C., Inc. v. United States,

[5]Plaintiff Renwick P. Russel's complaint alleges he is the owner of Florence #3, County Parcel #000-092-99, Survey #2668. Russel Compl. ¶ 5. However, a Churchill County tax summary and a recorded deed indicate Russel is the owner of the patented lands located in section 17 of Township 15 North, Range 34 East formerly known as Florence #4, County Parcel #000-001-99, Survey #2664. Ex. L, p. US00092-95. As discussed, public lands surrounding this land have been closed since 1989. Thus, even assuming Russel corrected his pleading to reflect ownership of Florence #4, his claim would still be appropriate for dismissal for lack of jurisdiction.

424 F.3d 1206, 1215 (Fed. Cir. 2005) (claimant "must, at a minimum, assert that *its* property interest was actually taken . . .") (citing United States v. General Motors Corp., 323 U.S. 373, 379 (1945)) (italics in original); Wyatt v. United States, 271 F.3d 1090, 1096 (Fed. Cir. 2001) ("It is axiomatic that only persons with a valid property interest at the time of the taking are entitled to compensation."); see also Cavin v. United States, 956 F.2d 1131, 1134 (Fed. Cir. 1992) ("Without undisputed ownership of the ... property at the time of the taking[], the [plaintiffs] cannot maintain a suit alleging that the Government took their property without just compensation.").

Here, Plaintiff Comvets owns patented lands that were formerly encompassed by the mining claim known as "Detroit & Tiger," Survery #2745, Parcel #000-061-99. Comvets Compl. ¶ 5; Ex. O. However, Comvets did not own these lands at issue in 1989, when notice of the closure of public lands surrounding the lands at issue was published in the Federal Register. Indeed, Comvets did not acquire an ownership interest in the lands until December 1994, five years after the 1989 notice was published. Ex. I, p. US00036-43. Thus, Comvets cannot establish that it was the undisputed owner of the lands at issue in 1989, the date of the alleged taking. see Ex. I, p. US00031-34, US00036-41 (indicating J.D. and Blanche C. Summers owned the lands from 1960 to 1994). As such, Comvets cannot satisfy its burden to prove it owned a compensable property interest in 1989, and its complaint must be dismissed in its entirety for failure to state a claim.

Plaintiff Paulsen cannot establish that she is the undisputed owner of certain land at issue. Paulsen asserts ownership of patented land formerly encompassing the mining claim known as "Lone Tree," Survey No. 2731, Parcel #000-031-99. Paulsen Compl. ¶ 5. However, the last

recorded ownership transaction indicates the county sold the land in 1962 to Frank W. Lewis. Ex. J, p. US00053-55. There is no record of Paulsen's ownership. Thus, Paulsen cannot establish that she has ever held an ownership interest in the land at issue, much less that she was the undisputed owner of the land in 1989, the date of the alleged taking. As such, Paulsen cannot satisfy her burden to prove she owned a compensable property interest in 1989, and her complaint must be dismissed in its entirety for failure to state a claim.

Like Paulsen, Plaintiff Ross cannot establish that she is the undisputed owner of certain land at issue. Ross asserts ownership of the patented land formerly encompassing the mining claim known as "Argel No. 2," Survey No. 4184, Parcel #000-034-99. Ross Compl. ¶ 5. The last recorded ownership transaction indicates Ralph F. Clements executed a quitclaim deed transferring ownership of the land to himself and Adelaide H. Clements. Ex. K, p.US00069-70. Ross asserts, however, that she owns the lands with Alan S. Ross as a joint tenant with rights of survivorship pursuant to a quitclaim deed executed from Adelaide H. Clements to Janet and Alan Ross. Ex. M., p. US00079-80.[6] There is no evidence the quitclaim deed was recorded. As such, there is no unequivocal record of Ross's ownership. Thus, Ross cannot satisfy her burden to prove she owned a compensable property interest, and her complaint must be dismissed in its entirety for failure to state a claim.

### C. Plaintiff Ross Has Not Been Denied Access to the Patented Land at Issue

Plaintiff Ross's complaint is also appropriate for dismissal pursuant to RCFC 12(b)(6) because, unlike the other six plaintiffs' claims in this consolidated action, Ross has not been

---

[6]Defendant received ownership documents from plaintiffs' counsel regarding Comvets, Paulsen and Ross on March 30, 2006, including documents contained in Exhibit M regarding Ross's claim bearing bates numbers US00074-80.

denied access to the land over which she asserts ownership. The land is located in the eastern portion of section 16, Township 16 North, Range 34 East. Ex. B., p. US00005. The public lands surrounding the land over which Ross asserts ownership were not closed in 1989 or withdrawn pursuant to the MLWA. 54 Fed. Reg. 51326, Ex. C., p. US00009-10 (closing all public lands in the western portion of the western half of section 16 of Township 16 North, Range 34 East, but not closing public lands in the eastern half of section 16 of Township 16 North, Range 34 East); see also 56 Fed Reg. 4074, Ex. D., p. US00014 (did not close public lands in the eastern half of section 16, Township 16 North, Range 34 East); Ex. N., p. US00084-85 (did not withdraw public lands in the eastern half of section 16, Township 16 North, Range 34 East). Moreover, Ross does not claim that defendant denied her all access to the land at issue. Instead, she alleges in her complaint that defendant "permanently prevented access" to the land. Ross Compl. ¶ ¶ 3, 6; see Holden, 38 Fed.Cl. at 737-38 (1997) (plaintiff did not allege defendant blocked *all* access to unpatented mining claim and availability of other routes precluded finding a taking occurred); see also 43 C.F.R. § 3809 (1996). Because defendant has not denied Ross access to the land over which she asserts an ownership interest, Ross's "interest in the use and enjoyment of [the] property" has not been destroyed. Holden, 38 Fed.Cl. at 737. Therefore, defendant has not engaged in any act which could have resulted in a taking of Ross's alleged property interest, and Ross's complaint must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court grant its motion to dismiss, and dismiss each complaint in this consolidated action in its entirety for lack of jurisdiction and failure to state a claim.

DATED: April 4, 2006

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment & Natural Resources Division

s/ Kelle S. Acock

KELLE S. ACOCK
Natural Resources Section
Environment & Natural Resources Division
Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Tel: 202-305-0428
Fax: 202-305-0267
Email: kelle.acock@usdoj.gov

Of Counsel:

J. Page Turney
Douglas Edgecomb
Navy Litigation Office
Washington Navy Yard, DC 20374